UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEE HARVEY,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No.  2:23-cv-00984-DAD-CKD P<br><br><br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On May 30, 2023, the court ordered petitioner to either submit an affidavit in support of a request to proceed in forma pauperis or to pay the $5.00 filing fee.  Although petitioner submitted a form indicating that he requested prison officials to withdraw the filing fee from his prison trust account, the filing fee remains outstanding.  ECF No. 4.  The court will provide petitioner with one more opportunity to pay the filing fee or request in forma pauperis status for this case.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.  The court has conducted that review.

/////

1

### I.     Factual and Procedural Background

Following a jury trial, petitioner was convicted of first-degree burglary in the Lassen County Superior Court.  ECF No. 1 at 1-2.  On June 4, 2020, he was sentenced to a determinate term of 8 years in prison.  ECF No. 1 at 1.  His conviction was affirmed by the California Court of Appeal on December 15, 2021.  ECF No. 1 at 2.  The California Supreme Court denied his petition for review on February 23, 2022.  Id. at 26.

Petitioner filed the instant § 2254 petition on May 21, 2023 raising four claims for relief.  First, petitioner contends that the trial judge had a conflict of interest in his case.[1]  ECF No. 1 at 5.  Next, petitioner asserts that his right to due process was violated because there was insufficient evidence to convict him.  ECF No. 1 at 7.  In his third claim for relief petitioner alleges that his trial attorney was ineffective for failing to subpoena relevant video footage.  ECF No. 1 at 8.  Lastly, petitioner challenges the identity of the victim in his case.  Id. at 9.

Petitioner indicates that he has not filed any state habeas corpus petition containing these claims for relief.  ECF No. 1 at 3.  Based on a letter attached to the § 2254 petition, appellate counsel did not raise them on appeal for various reasons.  See ECF No. 1 at 16.

### II.     Exhaustion Requirement

Before proceeding with a federal habeas petition, all habeas claims must be presented in state court.  See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982) (explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review).  Exhaustion of state court remedies requires "full and fair presentation" of the federal constitutional issue to the state's highest court.  See Picard v. Connor, 404 U.S. 270, 275 (1971).  A federal court must dismiss a federal habeas petition that contains only unexhausted claim for relief.  See Rhines v. Weber, 544 U.S. 269, 273 (2005).

/////

---

[1] The constructive filing date has been calculated using the prison mailbox rule.  Houston v. Lack, 487 U.S. 266 (1988).

### III. Stay and Abeyance

Under certain circumstances, this court may place a federal habeas petition on hold while the petitioner returns to state court to fully exhaust the claims contained therein. This is referred to as a "stay and abeyance." In order to be entitled to a stay of a wholly unexhausted § 2254 application, petitioner must demonstrate: **(1) good cause for failing to previously exhaust the claims in state court; (2) the claims at issue potentially have merit; and, (3) diligence in pursuing relief.** Rhines v. Weber, 544 U.S. 269, 277-78 (2005); Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted).

### IV. Analysis

Based on information provided by petitioner, the court finds that the pending § 2254 petition contains only unexhausted claims for relief because they have not been presented to the state courts. Therefore, this court has two options: 1) dismiss the petition without prejudice based on the failure to exhaust state court remedies; or, 2) stay the wholly unexhausted petition during the pendency of further state court proceedings. Dismissing the § 2254 petition runs the risk that petitioner will lose the ability to ever have his federal habeas claims reviewed on the merits due to the one-year statute of limitations. See 28 U.S.C. § 2244(d); see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (recognizing that "petitioners who brought unexhausted claims to federal court faced the possibility that they would have insufficient time to exhaust those claims in state court then return to federal court" within the one year statute of limitations). Based on this procedural tension between the exhaustion requirement and the one year statute of limitations, the court will provide petitioner the opportunity to demonstrate that a stay and abeyance is warranted in his case. Accordingly, within 30 days from the date of this order, petitioner shall show cause why a stay and abeyance is appropriate based on the Rhines factors highlighted in this order.

### V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your federal habeas petition and concluded that you failed to properly exhaust your state court remedies prior to filing. You are being provided with the relevant legal standard governing a stay and abeyance of your federal claims while you pursue state court relief. You have 30 days to show cause why your wholly unexhausted § 2254 petition should by stayed rather than dismissed without prejudice.

Accordingly, IT IS HERBY ORDERED that:

1. Within 30 days from the date of this order, petitioner shall show cause why a stay and abeyance is appropriate in this case by addressing the three <u>Rhines</u> factors required for a stay and abeyance. Petitioner shall label this brief as his "Response to Order to Show Cause."

2. Petitioner is once again ordered to submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee.

3. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district.

Dated: August 15, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/harv0984.osc.Rhines+fee