1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN LEE HARVEY,                         No.  2:23-cv-00984-DAD-CKD (HC)

12                    Petitioner,

13        v.                                   ORDER AND

14   EDWARD BORLA,                             FINDINGS AND RECOMMENDATIONS

15                    Respondent.[1]

16

17        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  This proceeding was referred to this court pursuant to 28

19   U.S.C. § 636(b)(1) and Local Rule 302.

20        Currently pending before the court is petitioner's motion for a stay and abeyance and

21   respondent's motion to dismiss petitioner's habeas corpus application.  ECF Nos. 13, 20.  For the

22   reasons discussed below, the undersigned recommends that petitioner's motion for a stay be

23   denied and that respondent's motion to dismiss be granted.

24   /////

25   _____

26   [1] As part of the motion to dismiss, respondent moves to substitute Edward Borla, the Warden of
     the Correctional Training Facility where petitioner is incarcerated, as the proper respondent
27   pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases.  The court grants respondent's
     request and orders the Clerk of Court to amend the docket to reflect Edward Borla as respondent
28   in this matter.  The parties shall refer to Edward Borla as respondent in all future pleadings.

                                                 1

1

## I.      Factual and Procedural History

2        Following a jury trial, petitioner was convicted of first-degree burglary in the Lassen

3    County Superior Court.  ECF No. 1 at 1-2.  On June 4, 2020, he was sentenced to a determinate

4    term of 8 years in prison.  ECF No. 1 at 1.  His conviction was affirmed by the California Court

5    of Appeal on December 15, 2021.  ECF No. 1 at 2.  The California Supreme Court denied his

6    petition for review on February 23, 2022.  Id. at 26.

7        Petitioner filed the instant § 2254 petition on May 21, 2023 raising four claims for relief.[2]

8    First, petitioner contends that the trial judge had a conflict of interest.  ECF No. 1 at 5.  Next,

9    petitioner asserts that his right to due process was violated because there was insufficient

10   evidence to convict him because only hearsay was presented.  ECF No. 1 at 7.  In his third claim

11   for relief petitioner alleges that his trial attorney was ineffective for failing to subpoena relevant

12   video footage.  ECF No. 1 at 8.  Lastly, petitioner challenges the identity of the victim in his case.

13   Id. at 9.

14       In the habeas application, petitioner also indicates that he has not filed any state habeas

15   corpus petition containing these claims for relief.  ECF No. 1 at 3.  Based on a letter attached to

16   the § 2254 petition, appellate counsel did not raise the first claim for relief because there was no

17   objection by trial counsel and no basis in the record to find trial counsel was ineffective for failing

18   to do so.  See ECF No. 1 at 16.

19       On August 15, 2023, this court ordered petitioner to show cause why his habeas

20   application should not be dismissed since he had not exhausted his state court remedies with

21   respect to any of his claims for relief.  ECF No. 7.  Petitioner was provided with the relevant legal

22   standards and was given the chance to demonstrate why a stay was appropriate in order to exhaust

23   his state court remedies.  ECF No. 7.

24   ## II.     Motion for a Stay and Abeyance

25       In compliance with the show cause order, petitioner submitted a motion for a stay and

26   abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  ECF No. 13.  Petitioner requests a

27

28   [2] The filing date has been calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

1  stay because his appellate counsel was ineffective in failing to raise claims that were outside of

2  the trial court record.  Specifically, petitioner asserts that appellate counsel should have raised the

3  ineffectiveness of his trial lawyer as a claim for relief on direct appeal.  Since this was not done,

4  petitioner needs time to file a state habeas corpus petition without violating the statute of

5  limitations governing federal habeas relief.  Petitioner also emphasizes that he is pro se and does

6  not have any legal training to understand the federal statute of limitations governing habeas

7  corpus relief.  He asserts these are additional reasons why a stay is appropriate.

8          By way of opposition to the stay, respondent points out that petitioner does not explain

9  how any of these asserted circumstances actually prevented him from exhausting his state court

10  remedies.  ECF No. 18 at 2.  Respondent argues that this court should deny the motion for a stay

11  because petitioner has not come forward with any evidence supporting these causes for failing to

12  exhaust his claims.  Id. at 3 (citing Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

13          **III.    Motion to Dismiss**

14          In his motion to dismiss, respondent asserts that none of the claims in petitioner's habeas

15  application have been previously presented to the California Supreme Court.  ECF No. 20 at 2.

16  As a result, petitioner has not properly exhausted his state court remedies before filing the present

17  federal habeas petitioner as required by 28 U.S.C. § 2254(b)(1)(A).  ECF No. 20 at 2.  "Although

18  ground two of the federal petition and the sole claim raised in the review petition [in the

19  California Supreme Court] allege insufficient evidence claims, they do so on a different basis.

20  Petitioner argued in his state review petition that the burglary conviction was not supported by

21  sufficient evidence, specifically that [p]etitioner was motivated 'by an abnormal or unnatural

22  sexual interest' in the victim when he entered the inhabited dwelling with the intent to commit

23  child annoyance."  ECF No. 20 at 2; see also ECF No. 19-3 at 11-19 (Petition for Review in

24  California Supreme Court).  In his pending federal habeas application, petitioner contends that the

25  evidence was insufficient to convict him of burglary because there was no fingerprint, video or

26  photographic evidence, and only hearsay was presented.  ECF No. 1 at 7.  For all these reasons,

27  petitioner's habeas application should be dismissed as unexhausted.  ECF No. 20 at 3.

28  /////

                                    3

## IV.   Legal Standards

### A. Exhaustion of State Court Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each habeas claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982) (establishing the total exhaustion rule).

### B. Stay and Abeyance

The court may stay a federal habeas application if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. See Rhines v. Weber, 544 U.S. at 278; Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (applying the stay and abeyance procedure to wholly unexhausted habeas petitions). If petitioner fails to establish any of these three factors, then a Rhines stay is not appropriate.[3]

In determining what constitutes good cause sufficient for a Rhines stay, the Ninth Circuit Court of Appeals has determined that a petitioner does not have to demonstrate extraordinary circumstances. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005). The legal standard for

---

[3] The court notes that the alternative procedure for staying and abeying a federal habeas petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), only applies to habeas petitions that contain exhausted as well as unexhausted claims for relief. Since petitioner's habeas application is wholly unexhausted, a Kelly stay is not available in the present case and will not be addressed herein.

1    cause to excuse a procedurally defaulted claim boils down to objective factors external to the

2    prisoner.  See Murray v. Carrier, 477 U.S. 478, 488 (1986) (emphasizing that to establish cause

3    for a procedural default, a petitioner must show that "some objective factor external to the

4    defense impeded counsel's efforts to comply with the State's procedural rule.").

5         **V.    Analysis**

6         After reviewing the relevant state court record lodged in this proceeding, the undersigned

7    finds that petitioner has not properly exhausted his state court remedies with respect to any of the

8    claims raised in his federal habeas application.  Indeed, petitioner acknowledges as much in his

9    habeas application when he indicated that he has not presented any of his four claims for relief on

10   direct appeal or in any state post-conviction proceeding.  ECF No. 1.  As a result, petitioner's

11   habeas application is subject to dismissal without prejudice unless he can demonstrate that he is

12   entitled to a stay and abeyance pursuant to Rhines.

13        Here, petitioner contends that his direct appeal lawyer's ineffectiveness led to his failure

14   to properly exhaust his state court remedies.[4]  However, he acknowledges that appellate counsel

15   indicated that his habeas claims could not be raised on direct appeal because they were outside of

16   the trial record.  ECF No. 1 at 12, 16.  Assuming without deciding that the ineffective assistance

17   of appellate counsel may constitute good cause for a Rhines stay, this court does not find that

18   appellate counsel was ineffective in this case.[5]  In California, ineffective assistance of trial

19   counsel claims must generally be raised via a state habeas corpus petition instead of direct appeal

20   because they pertain to matters outside the record of review on appeal.  See People v. Salcido, 44

21   Cal.4th 93, 172 (2008) (emphasizing that this is particularly true when the ineffectiveness is

22

23   [4] To establish ineffective assistance of counsel, petitioner must establish that counsel's
     performance fell below an objective standard of reasonableness, and, that but for counsel's errors,
24   the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668,
     694, 697 (1984).
25   [5] The law in the Ninth Circuit is unclear whether appellate counsel's ineffectiveness can
     constitute adequate cause to support a Rhines stay.  See Murphy v. Moss, No. 2:19-cv-1808-
26   JAM-KJN-P, 2020 WL 2084825, at *4 & n.5 (E.D. Cal. Apr. 30, 2020), adopted by 2020 WL
     3571503 (E.D. Cal. July 1, 2020) (stating that "[i]t is not clear whether a petitioner's claim of
27   ineffective assistance of appellate counsel constitutes good cause.") (collecting district court
     cases).
28

based on trial counsel's failure to object).  This is exactly what appellate counsel explained to petitioner in her letter dated August 4, 2020.  ECF No. 1 at 16.  Thus, appellate counsel's performance was not deficient.  See Strickland, 466 U.S. at 687 (explaining what constitutes deficient performance of counsel).  This court does not find that petitioner has demonstrated good cause to support a stay of these proceedings based on appellate counsel's ineffectiveness.  See Garcia v. Grounds, No. CV 10-2421-JFW (RNB), 2010 WL 4672049, at *5 (C.D. Cal. Oct. 18, 2010), adopted by 2010 WL 4687632 (C.D. Cal. Nov. 10, 2010) (appellate counsel's failure to assert on direct appeal a claim that would have required consideration of material outside the record insufficient to show good cause for a Rhines stay).

The remaining explanations based on petitioner's pro se status and lack of legal education do not establish good cause under Rhines because they apply to the majority of prisoners.  These common circumstances would run afoul of the dictate in Rhines that a stay and abeyance "should be available only in limited circumstances."  Rhines, 544 U.S. at 277.  Every pro se prisoner who filed a § 2254 petition after the conclusion of direct appeal would be able to obtain a stay and abeyance utilizing this explanation.  This would allow the exception to swallow the rule that state court remedies should be exhausted before filing a federal habeas petition.  See 28 U.S.C. § 2254(b).  For all these reasons, the court finds that petitioner has not established good cause sufficient to obtain a Rhines stay.[6]  The undersigned therefore recommends denying petitioner's motion for a stay.

**VI.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the record, the court finds that you have not properly exhausted your state court remedies before filing the present habeas action.  It is further recommended that your request for a Rhines stay be denied because you have not established good cause for not previously presenting your claims in state court.  The undersigned is recommending that your

---

[6] In the interest of judicial economy, the court finds it unnecessary to address the remaining two factors for obtaining a Rhines stay.

habeas petition be dismissed without prejudice.  This means that you may refile your federal habeas petition once you fully exhaust your state court remedies.[7]

If you disagree with any of these recommendations, you have 14 days to explain why it is not the correct outcome in your case.  Label your explanation "Objections to Magistrate Judge's Findings and Recommendations."  The district court judge assigned to your case will review any objections and make the final decision in your case.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court modify the docket to reflect that Edward Borla is the proper respondent in this action.

IT IS FURTHER RECOMMENDED that:

1.  Petitioner's motion for a stay (ECF No. 13) be denied.

2.  Respondent's motion to dismiss (ECF No. 20) be granted.

3.  Petitioner's application for a writ of habeas corpus be dismissed without prejudice as wholly unexhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

[7] However, a one year statute of limitations applies to all federal habeas corpus petitions challenging a state court judgment.  See 28 U.S.C. § 2244(d)(1).  The court expresses no opinion about whether a subsequently filed § 2254 petition would be timely filed under this statute.

constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 10, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/harv0984.mtd.exhaust.CJRA